UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KILLINGER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a California Corporation,<br><br>Defendant. | Case No. 2:26-cv-1574-AB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 14]** |

Before the Court is Plaintiff Jason Killinger's ("Plaintiff") Motion for Remand. Mot., Dkt. No. 14. Defendant United Parcel Service, Inc. ("Defendant") filed a timely opposition (Opp'n, Dkt. No. 17) and Plaintiff filed a reply ("Reply," Dkt. No. 18). The Court had a hearing on the matter on April 17, 2026. For the following reasons, Plaintiff's Motion is **GRANTED.**

## I.   BACKGROUND

Defendant's removal is the most recent development in a litigation that has spanned several years. This case was originally filed in 2022 in California Superior Court with another named plaintiff, Shane Kisman.[1] In February 2023, Plaintiff filed

---

[1] This Court had the case *Shane Kisman v. United Parcel Service, Inc.*, 21-cv-3164. Plaintiff Kisman had raised several claims including discrimination, retaliation,

the First Amended Complaint ("FAC"), removing Kisman as a named plaintiff and amending his claims against Defendant. The FAC was filed pursuant to the California Private Attorneys General Act ("PAGA") for several alleged violations of occupational safety and health laws (California Labor Code §§ 6400, 6401, 6401.7, 6402, 6403, 6404 & 6406), wage laws (California Labor Code §§ 2699, 203), and other provisions of the California Labor Code. Notice of Removal ("NOR"), Ex. 10 ("FAC") ¶¶ 45-110. Per California Labor Code §§ 2699(a) & 2699(f), Plaintiff sought civil penalties on behalf of himself and all other aggrieved employees. *Id.* at ¶¶ IV(a)-(n).

Since Plaintiff filed the FAC, there have been several significant developments in the action. On January 15, 2026, the Superior Court granted in part and denied in part a motion from Defendant for summary adjudication ("MSA Order"). NOR, Ex. 49 ("MSA Order"). The Superior Court granted Defendant's motion on all but three of the claims: Issue 7, Issue 8, and Issue 9. MSA Order at 9-16.

In Issue 7, Plaintiff claims that Defendant failed to maintain an effective injury and illness prevention program ("IIPP"), as is required under California Labor Code § 6401.7(a). FAC ¶¶ 100, 104. In Issue 8, Plaintiff claims that Defendant knowingly made false statements in documents required to be filed with OSHA, per California Labor Code § 6426. *Id.* ¶ 109. Finally, in Issue 9, Plaintiff argues that the evidence provided triggers a rebuttable presumption of a "serious violation" of the Labor Code. *Id.* ¶ 110. On all three issues, the Superior Court found genuine issues of material fact and denied Defendant's motion for summary adjudication. MSA Order 9-16. These claims are set for a bench trial on September 8, 2026.

On February 13, 2026, Defendant filed a Notice of Removal with this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441. NOR at 1. Plaintiff filed the present Motion arguing

---

wrongful termination and intentional infliction of emotional distress. The case proceeded to trial and settled during trial.

2

that Defendant's removal was untimely and improper.

## II.   LEGAL STANDARD

### A. **Removal**

Generally, a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states," 28 U.S.C. § 1332.

Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus*, 980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

### B. **Timeliness of Removal**

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first thirty-day removal period is triggered. *Id*.; see also *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life &*

3

*Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))).

Where the initial pleading does not reveal a basis for removal, a defendant has thirty days from the date it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III. DISCUSSION

Defendant argues that removal is proper since the MSA Order serves as an "order" under 28 U.S.C. § 1446(b) that triggers the second thirty-day timeline. NOR at 8-15. Defendant contends that the MSA Order linked resolution of the remaining claims, or Issues 7, 8, and 9, to interpretation of various provisions of the Collective Bargaining Agreements ("CBAs") negotiated between Defendant UPS and the Teamsters Union. *Id.* If Issues 7, 8, and 9 require interpretation of the CBAs, the claims would be pre-empted by the federal Labor Management Relations Act ("LMRA"), vesting federal question jurisdiction. Thus, Defendant argues that it became clear this Court had jurisdiction once the MSA Order was entered. *Id.* This Court disagrees

LMRA § 301 pre-empts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-06 (1988). In *Burnside v. Kiewit Pacific Corporation*, the Ninth Circuit devised a two-part test to determine whether a claim is preempted under the LMRA. First, a court must consider "[i]f the right exists solely as a result of the CBA." 491 F.3d 1053, 1059 (9th Cir. 2007). If so, the analysis ends, and the court must conclude that a claim is pre-empted. If not, the court must consider whether a claim is "substantially dependent on analysis of a [CBA]." *Id.* A claim is substantially dependent on the CBA if resolution requires "interpreting" a CBA, not merely "looking to" a CBA. *Id.* at 1060. The analysis of "interpretation" is read narrowly. *Curtis v. Irwin Indus. Inc.*, 913 F.3d 1146, 1153 (9th Cir. 2019).

This Court need not reach the issue of whether the LMRA pre-empts Issues 7, 8,

and 9 because Defendant has not demonstrated that removal is timely. It is not apparent, as Defendant argues, that the MSA Order triggers the second thirty-day timeline. At no point does the Superior Court state that interpretation of the CBAs is required for disposition of any of the issues. The Superior Court does not even mention the CBAs in its analysis of Issues 7, 8, and 9. Defendant argues that certain language of the MSA Order suggests that the claims will require interpretation of the CBA for resolution, but the Court is not convinced. Defendant's argument appears to inject the issue of CBA interpretation into the MSA Order where none exists. In short, the Court cannot conclude that the MSA Order makes clear that interpretation of the CBA is required for resolution of the remaining claims.

Moreover, the evidentiary basis for the Superior Court's decision was made available to Defendant when the motion for summary adjudication was briefed. While Defendant is not required to conduct its own investigation or "engage in guesswork," Defendant is required "to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140. Defendant had produced all relevant CBAs in discovery by December 2025. *See Cadena v. W.G. Yates & Sons Constr. Co.*, 2023 WL 8018049, at *5 (E.D. Cal. Nov. 20, 2023) ("[T]his court now joins the several district courts in the Ninth Circuit that have held that such responses by a defendant to a plaintiff's [discovery] request may constitute "other paper."). Deposition transcripts the Superior Court relied upon were also produced to Defendant through Plaintiff's pleading. It is irrelevant that the deposition was taken in an earlier case, as it was produced to Defendant in *this* case. Thus, the evidentiary basis for the Superior Court's ruling was provided to Defendant well before the MSA Order. Defendant's argument is further undermined by its own pleadings in the motion for summary adjudication, which argue the CBA and its language is central to the resolution of this case. Mot., Ex. A at 10, Ex. E at 11-12.

The Court reads all the evidence in light of the legal requirement that removal

statutes are "strictly construe[d] against removal." *Gaus*, 980 F.2d at 566. The Ninth Circuit has repeatedly held that removal statutes "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris*, 425 F.3d at 698 (9th Cir. 2005). That interest is more relevant here, where the basis for removal is unconvincing, all the claims are based in California state law, and the Superior Court already ruled on a motion for summary adjudication and set a bench trial date for later this year. Based on the above, the Court cannot conclude that Defendant has met its heavy burden of establishing removal jurisdiction. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: May 11, 2026

_____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE